STATE OF NEW YORK    )
                     )SS.:
COUNTY OF NEW YORK )

David S. Glassman, an attorney admitted to practice law before the courts of the State of New York, affirms the following to be true under the penalty of perjury:

1. I am a licensed attorney in the State of New York and have been in private practice since 1966.
2. For the past thirty-five (35) years, I have specialized in the area of Immigration and Naturalization law.
3. In the beginning of 2003, at the suggestion of Jeffrey Hoffman, Esq., Dr. Vijay Chhabra and his wife came to my office and consulted with me and my partner, Frank Gadaleta, on the possible immigration consequences of his prior guilty plea entered into by him four (4) years prior to his initial consultation with our office.
4. During our initial consultation, Dr Chhabra left us a file containing copies of his initial proffer agreement; the criminal complaint and the presentence report as prepared by the United States probation office. Dr Chhabra also left us a folder containing over 100 pages of research material gathered by him on the immigration consequences of criminal activity.
5. Following our initial meeting, Mr. Jeffrey Hoffman sent us a copy of the plea entered into on July 6, 1999 before the Honorable James C. Francis, IV, Magistrate Judge.
6. On February 13, 2003, we issued a report to Jeffrey Hoffman, Esq. outlining the background and summary of possible available waivers for Dr. Chhabra based upon his prior plea of an "aggravated felony" under Immigration Law which included our opinion of possible relief from removal should the Department of Homeland Security charge Dr. Chhabra in removal proceedings.
7. Our conclusion, which was discussed with Dr. Chhabra, his wife and his criminal defense attorney, was that Section 101(a)(43)(M)(ii) relating to tax evasion and a loss to the government in a sum in excess of $10,000.00 does apply to Dr. Chhabra and would make him removable from the United States and would be difficult to overcome. This would be true even if his ultimate sentence did not include any incarceration.
8. Additionally, we advised Dr. Chhabra not to travel internationally as that might trigger the beginning of removal proceedings upon his return to the United States of America. We further explained to him that if his sentence did not include incarceration, the Department of Homeland Security would not have a detainer on him but that his plea would eventually be entered into a data base which could trigger removal proceedings upon his return to the United States from an overseas trip.
9. While I cannot comment on Dr. Chhabra's conversations with his criminal attorney, I can assure the Court that Dr. Chhabra was fully advised of the possible immigration consequences of his guilty plea.

Dated: New York, New York
       June 10, 2009

_____
David S. Glassman, Esq.