EXHIBIT A



UNITED STATES DEPARTMENT OF JUSTICE
TAX DIVISION
CRIMINAL TAX MANUAL - 1994 Ed.

TABLE OF CONTENTS
VOLUME 1

**SECTION**     *Title*

TABLE OF CONTENTS

TABLE OF CASES

1.00   ORGANIZATION AND AUTHORITY

2.00   CRIMINAL TAX PRACTICE AND PROCEDURES (UNITED STATES ATTORNEYS' MANUAL)

3.00   TAX DIVISION POLICY DIRECTIVES AND MEMORANDA

4.00   TAX DIVISION POLICIES AND PROCEDURES

5.00   PLEAS AND SENTENCING: TAX DIVISION POLICY AND GUIDELINES

6.00   VENUE

7.00   STATUTE OF LIMITATIONS

8.00   ATTEMPT TO EVADE OR DEFEAT TAX

9.00   WILLFUL FAILURE TO COLLECT OR PAY OVER TAX

10.00  FAILURE TO FILE, SUPPLY INFORMATION OR PAY TAX

11.00  FRAUDULENT WITHHOLDING EXEMPTION CERTIFICATE OR FAILURE TO SUPPLY INFORMATION

12.00  FRAUD AND FALSE STATEMENT

13.00  AID OR ASSIST FALSE OR FRAUDULENT DOCUMENT

14.00  REMOVAL OR CONCEALMENT WITH INTENT TO DEFRAUD

000001

15.00   COMPROMISES AND CLOSING AGREEMENTS

16.00   FRAUDULENT RETURNS, STATEMENTS, OR OTHER DOCUMENTS

17.00   26 U.S.C. § 7212(a) "OMNIBUS CLAUSE"

18.00   OFFENSES WITH RESPECT TO COLLECTED TAXES

19.00   [RESERVED]

20.00   [RESERVED]

*VOLUME 2*

21.00   AIDING AND ABETTING

22.00   FALSE, FICTITIOUS, OR FRAUDULENT CLAIMS

23.00   CONSPIRACY TO COMMIT OFFENSE OR TO DEFRAUD THE UNITED STATES

24.00   FALSE STATEMENTS

25.00   TAX MONEY LAUNDERING

26.00 -29.00   [RESERVED]

30.00   SPECIFIC ITEMS

31.00   NET WORTH

32.00   EXPENDITURES

33.00   BANK DEPOSITS

PLEAS/SENTENCING											July 1994

The Supreme Court has held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," such as race or religion. *Wade v. United States*, 112 S. Ct. 1840, 1843-44 (1992). The Court also noted that a defendant must make a substantial threshold showing of improper motive to be entitled to discovery or an evidentiary hearing. *Wade*, 112 S. Ct. at 1844. A mere showing of assistance is not sufficient grounds for relief. *Wade*, 112 S. Ct. at 1844. The government is not obligated to move for departure merely because the defendant assisted in the prosecution of a codefendant. *United States v. Mesa-Rincon*, 911 F.2d 1433 (10th Cir. 1990).

### 5.10 *TAX DIVISION POLICY*

It has long been a priority of the Tax Division to pursue vigorous prosecution of a wide range of tax crimes to deter taxpayer fraud and to foster voluntary compliance. Consistent with this long-standing priority, the Tax Division has issued a number of statements concerning policy and procedures regarding pleas and sentencing, including the Sentencing Guidelines.

### 5.11 *PLEA AGREEMENTS*

#### 5.11[1] *Plea Agreements and Major Count Policy for Offenses Committed Before November 1, 1987*

In cases involving offenses committed prior to November 1, 1987, the overwhelming percentage of all criminal tax prosecutions were disposed of by a plea of guilty. The transmittal letter forwarding the case from the Tax Division to the United States Attorney specifies the count(s) deemed to be the major count(s). In these cases, only a few of which remain, the U.S. Attorney's office, without prior approval of the Tax Division, is authorized to accept a plea of guilty with respect to the major count(s). USAM 6-4.310 (Major Count Policy).

In these cases, the designation by the Tax Division of a count as a major count is premised on the following considerations:

000003

    a.    Felony counts take priority over misdemeanor counts;

    b.    Tax evasion counts (26 U.S.C. § 7201) usually take priority over other counts;

    c.    Where a conspiracy (*e.g.* 18 U.S.C. § 371) and substantive tax counts are authorized, the circumstances of the case will determine whether the conspiracy or a substantive tax count is designated as the major count;

    d.    As between counts under the same statute, the count involving the greatest financial detriment to the United States (*i.e.*, the greatest additional tax due and owing) will be considered the major count; and

    e.    When there is little difference in financial detriment between counts under the same statute, the determining factor will be the relevant flagrancy of the offense.

USAM 6-4.310.

### 5.11[2] *Plea Agreements and Major Count Policy for Offenses Committed After November 1, 1987*

As is true with tax offenses committed prior to November 1, 1987, the transmittal letter from the Tax Division to the United States Attorney's office for offenses committed after that date will designate one of the counts as the major count. Thereafter, the U.S. Attorney's office, without prior approval of the Tax Division, is authorized to accept a plea of guilty with respect to the major count. The only difference lies in the way in which the major count is selected.

On December 17, 1990, the Tax Division issued a "bluesheet" which sets forth the application of the Major Count Policy in Sentencing Guidelines Cases. USAM 6-4.311. The "bluesheet" coordinates the Major Count Policy with the Department of Justice's plea policy for Guideline cases as delineated in former Attorney General Thornburgh's Memorandum to Federal Prosecutors of March 13, 1989. The Department's plea policy provides that a federal prosecutor should initially charge the most serious, readily provable offense or offenses consistent with the defendant's conduct.[12] Thereafter, charges are not to be dismissed or dropped pursuant to a plea

000004

bargain unless the prosecutor has a good faith doubt as to the government's ability to prove readily a charge for legal or evidentiary reasons. There are two exceptions to this policy. First, if the applicable Guideline range from which a sentence may be imposed would remain unaffected, readily provable charges may be dropped as part of the plea bargain. Second, federal prosecutors may drop readily provable charges with the specific approval of the United States Attorney or designated supervisory level official for reasons set forth in the file of the case. Attorney General Thornburgh's Memorandum to Federal Prosecutors of March 13, 1989, at page 3.

Under the Sentencing Guidelines, sentencing ranges in criminal tax cases are primarily determined by the amount of "tax loss." The relevant "tax loss" includes the tax loss caused by the offense or offenses of conviction, plus the tax loss from any other year that is part of the same course of conduct or common scheme or plan as the offense of conviction. USSG §§2T1.1(a), 1B1.3(a)(2), and 2T1.1, comment. (n.3). Thus, according to the "bluesheet" regarding application of the Tax Division's Major Count Policy in Sentencing Guideline cases, the following considerations apply in selecting the major count:

- a. In the majority of cases, where the tax offenses are all part of the same course of conduct or a common scheme, the Tax Division will designate a single Guideline year as the major count (even if there is a mix of Guideline and pre-Guideline year counts, because the tax loss from all years is taken into account in determining the tax loss of the offense to which a defendant pleads).

- b. Where all of the tax charges are not part of the same course of conduct or common scheme, the Tax Division may either designate as major counts one count from each group of unrelated counts or designate one count from one of the groups of unrelated counts as the major count and have the prosecutor obtain a stipulation from the defendant establishing the commission of the offenses in the other group. *See* USSG §1B1.2(c). Guideline year counts will take precedence over pre-Guideline year counts.

- c. Designation of more than a single year as the major count

        may be required also where the computed Guideline sentencing range exceeds the maximum sentence that can be imposed under a single count.

d.     A pre-Guideline year count will be selected as the major count, in addition to a Guideline year count, only if it was not part of the same course of conduct or common scheme *and* there is a significant reason for taking a plea to that count, *e.g.*, when the amount involved in the unrelated pre-Guideline year count is substantially greater than the amount in any Guideline year count.

e.     In cases involving both tax and non-tax charges, the Tax Division may designate a less serious tax offense as the major count if (1) there is sufficient information to establish that it will not affect the applicable Guideline range *and* (2) there is adequate justification for a deviation from the usual policy.

USAM 6-4.310.

In the event that a defendant indicates in advance of indictment or the filing of an information that he intends to plead guilty to the major count, an indictment is still to be sought, or an information filed, which includes all counts authorized for prosecution. This procedure ensures that the public record contains all the offenses that were authorized. The government's statement of the factual basis for the prosecution, as required by Rule 11 of the Federal Rules of Criminal Procedure, will then include the full extent of defendant's conduct and intent. USAM 6-4.310. After a defendant's guilty plea to a major count has been accepted by the court and sentencing has occurred, the remaining counts of the information or indictment may be dismissed. USAM 6-4.310.

000006